IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **TJ JONES CLEVELAND** | § | |
| | § | |
| v. | § | A-13-CV-319 SS |
| | § | |
| **MIKE PEARCE, WARDEN, FEDERAL** | § | |
| **CORRECTIONAL INSTITUTE,** | § | |
| **BASTROP, TEXAS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court are TJ Jones Cleveland's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on April 18, 2003 (Dkt. # 1), and Respondent's Response and Memorandum in Support of Motion to Deny Petition, filed on October 21, 2013 (Dkt. # 9).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

On November 15, 1999, in Case No. 99 417691-D, Petitioner TJ Jones Cleveland or Thomas Cleveland ("Cleveland") was sentenced by the 377th District Court in Victoria, Texas to a term of imprisonment of 10 years for "Manufacture/Delivery of a Controlled Substance." On October 31, 2001, Cleveland was released on parole from the Texas Department of Criminal Justice Clemency and Parole. On December 15, 2004, Cleveland was arrested again by the Victoria Police Department on a warrant for a state parole violation.

Shortly after his arrest for the state parole violation, a grand jury in the United States District Court for the Southern District of Texas indicted Cleveland on three counts of federal gun and drug charges. *See* Case No. 6:05-CR-00005, in the U.S. District Court for the Southern District of Texas. On February 15, 2005, Cleveland was temporarily taken into federal custody by the U.S. Marshals Service on a Writ of Habeas Corpus Ad Prosequendum. Pursuant to a Plea Agreement, Cleveland then pled guilty to possession with intent to distribute 119 grams of Cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). On May 1, 2006, the United States District Court for the Southern District of Texas sentenced Cleveland to 185-month term of imprisonment, a five-year term of supervised release, participation in a drug treatment program, and a $200 special assessment fee.

On July 24, 2006, Cleveland was released from federal custody and was returned to Victoria County Jail to complete his 10-year state sentence. On October 5, 2007, Cleveland was released from the state of Texas on parole and was placed into the custody of the U. S. Bureau of Prisons to complete his federal sentence. On August 8, 2008, the Sentencing Court issued an "Order Regarding Motion for Sentence Reduction" pursuant to 18 U.S.C. § 3583(c)(2), reducing his sentence from 185 months to 158 months imprisonment. See Dkt. # 74 in 6:05-CR-00005.

Cleveland is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas. The Bureau of Prisons ("BOP") has calculated his release date to be October 19, 2017 (based on his 158 month term of imprisonment commencing on May 1, 2006). In this action, Cleveland is challenging the BOP's calculation of his release date, contending that he is entitled to credit for time spent in federal custody from February 15, 2005, to April 30, 2006, when he was temporarily taken

into custody by the U.S. Marshall Service to face his federal charges pursuant to the federal writ of habeas corpus ad prosequendum.

## II.  ANALYSIS

A.  **Cleveland's sentence has correctly been computed by the BOP**

As noted, in this writ, Cleveland is seeking credit for time from February 15, 2005, to April 30, 2006, during which he was in federal custody pending the disposition of his federal charges. Cleveland ignores the fact that during this time period he was in the primary custody of the State of Texas and was merely on "loan" to the federal officials pursuant to the writ of habeas corpus ad prosequendum. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). Accordingly, Cleveland remained in state custody when he was on loan to the federal authorities during this time period, and his federal sentence did not commence until May 1, 2006, the date of the nunc pro tunc designation by the Sentencing Court. *See Jones v. Joslin*, 635 F.3d 673, 675 (5th Cir. 2011) (finding that petitioner's federal sentence commenced on the day he was officially released from state custody and released to federal officials); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (finding that petitioner was not due any credit toward his federal sentence for short intervals while "on loan" to federal authorities pursuant to writ of habeas corpus ad prosequendum since the state's custody over him remained uninterrupted, and he was therefore due no § 3568 credit).

Moreover, the time period for which Cleveland seeks credit, February 5, 2005 to April 30, 2006, has already been credited toward his Texas state sentence. See Declaration of Alan Ray at ¶ 16, Exh. A to Government's Response. A defendant is only given credit toward his term of

imprisonment for any time he spent in official detention prior to the commencement of his federal sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Accordingly, the BOP has properly determined that Cleveland was not entitled to credit for the time period from February 5, 2005, to April 30, 2006, pursuant to § 3585.

### B. Abuse of the Writ

In addition to raising a meritless claim, Cleveland is also guilty of abusing the writ. When Cleveland was incarcerated in the Eastern District of Texas, he filed two previous petitions under 28 U.S.C. § 2241, which raised the same argument as raised in the instant § 2241 Petition—that the BOP wrongly denied him credit for time spent in state custody. *See* 1:08-cv-00886 TH-KFG; *and* 1:10-cv-00485-MAC-ESH. The Eastern District of Texas rejected Cleveland's arguments and dismissed both of his petitions. *Id.* Cleveland appealed the later dismissal and the Fifth Circuit affirmed, finding that "the BOP properly determined that Cleveland was not entitled to credit under § 3585(b) against his federal sentence" since "the period for which Cleveland seeks credit against his federal sentence was credited against his state sentence." *Cleveland v. Fox*, No. 11-40276, 450 F. App'x 379; 2011 WL 5598298 (5th Cir. Nov. 17, 2011).

A § 2241 petition is considered to be abusive if it raises "the same legal issue" addressed and resolved in a prior filing. *United States v. Tubwell*, 37 F.3d 175, 177–78 (5th Cir.1994); see also *Williams v. Tamez*, 466 F. App'x. 326, 327 (5th Cir. 2012) (finding that district court did not abuse its discretion in dismissing a § 2241 petition as an abuse of the writ where the petition raised the same legal issue as a prior petition). Because Cleveland has raised the same argument as he has raised in his two previous unsuccessful § 2241 petitions, the instant petition could be found to be an abuse of the writ. Accordingly, the Court will recommend that the District Court warn Cleveland

that any future abusive filings will result in the imposition of sanctions, including monetary sanctions and restrictions on his ability to file any future pleadings in this Court.

### III.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Judge **DISMISS** T.J. Jones Cleveland's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Dkt. # 1).  The Magistrate Court **FURTHER RECOMMENDS** that the District Court **WARN** Cleveland that any future abusive filings will result in the imposition of sanctions, including monetary sanctions and restrictions on his ability to file any future pleadings in this Court.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

      SIGNED this 11th day of February, 2014.

                                                                        ANDREW W. AUSTIN
                                                                         UNITED STATES MAGISTRATE JUDGE