IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAR -3  PM 2: 21
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
     DEPUTY

TJ JONES CLEVELAND,
           Petitioner,

-vs-                                              Case No. A-13-CA-319-SS

MIKE PEARCE, WARDEN FEDERAL
CORRECTIONAL INSTITUTE, BASTROP,
TEXAS,
           Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner TJ Jones Cleveland's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [#1], Respondent's Response [#9], and the Report and Recommendation of the United States Magistrate Judge [#10]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Cleveland is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

On November 15, 1999, in Case No. 99 417691-D, Petitioner TJ Jones Cleveland or Thomas Cleveland (Cleveland) was sentenced by the 377th District Court in Victoria, Texas to a term of imprisonment of ten years for "Manufacture/Delivery of a Controlled Substance." On October 31, 2001, Cleveland was released on parole from the Texas Department of Criminal Justice Clemency and Parole. On December 15, 2004, Cleveland was arrested again by the Victoria Police Department on a warrant for a state parole violation.

Shortly after his arrest for the state parole violation, a grand jury in the United States District Court for the Southern District of Texas indicted Cleveland on three counts of federal gun and drug charges. *See* Case No. 6:05-CR-00005, in the U.S. District Court for the Southern District of Texas. On February 15, 2005, Cleveland was temporarily taken into federal custody by the U.S. Marshals Service on a Writ of Habeas Corpus Ad Prosequendum. Cleveland pled guilty to possession with intent to distribute 119 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). On May 1, 2006, the United States District Court for the Southern District of Texas sentenced Cleveland to a 185-month term of imprisonment, a five-year term of supervised release, and participation in a drug treatment program, and imposed a $200 special assessment fee.

On July 24, 2006, Cleveland was released from federal custody and was returned to Victoria County Jail to complete his ten-year state sentence. On October 5, 2007, Cleveland was released from the State of Texas on parole and was placed into the custody of the U. S. Bureau of Prisons to complete his federal sentence. On August 8, 2008, the Sentencing Court issued an "Order Regarding Motion for Sentence Reduction" pursuant to 18 U.S.C. § 3583(c)(2), reducing his sentence from 185

months to 158 months imprisonment. See Dkt. # 74 in 6:05-CR-00005.

Cleveland is currently incarcerated at the Federal Correctional Institute in Bastrop, Texas. The Bureau of Prisons (BOP) has calculated his release date to be October 19, 2017 (based on his 158 month term of imprisonment commencing on May 1, 2006). In this action, Cleveland is challenging the BOP's calculation of his release date, contending he is entitled to credit for time spent in federal custody from February 15, 2005, to April 30, 2006, when he was temporarily taken into custody by the U.S. Marshall Service to face his federal charges pursuant to the federal writ of habeas corpus ad prosequendum.

## Analysis

**A.   Cleveland's sentence has correctly been computed by the BOP**

Cleveland is seeking credit for time from February 15, 2005, to April 30, 2006, during which he was in federal custody pending the disposition of his federal charges. Cleveland ignores the fact that during this time period he was in the primary custody of the State of Texas and was merely on "loan" to the federal officials pursuant to the writ of habeas corpus ad prosequendum. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). Accordingly, Cleveland remained in state custody when he was on loan to the federal authorities during this time period, and his federal sentence did not commence until May 1, 2006, the date of the nunc pro tunc designation by the Sentencing Court. *See Jones v. Joslin*, 635 F.3d 673, 675 (5th Cir. 2011) (finding petitioner's federal sentence commenced on the day he was officially released from state custody to federal officials); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (finding petitioner was not due any credit toward his federal sentence for short intervals while

"on loan" to federal authorities pursuant to writ of habeas corpus ad prosequendum since the state's custody over him remained uninterrupted).

Moreover, the time period for which Cleveland seeks credit, February 5, 2005 to April 30, 2006, has already been credited toward his Texas state sentence. *See* Gov't's Resp. [#9-1], Ex. A (Declaration of Alan Ray), ¶ 16. A defendant is only given credit toward his term of imprisonment for any time he spent in official detention prior to the commencement of his federal sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Accordingly, the BOP has properly determined Cleveland was not entitled to credit for the time period from February 5, 2005, to April 30, 2006, pursuant to § 3585.

**B.     Abuse of the Writ**

In addition to raising a meritless claim, Cleveland is also guilty of abusing the writ. When Cleveland was incarcerated in the Eastern District of Texas, he filed two previous petitions under 28 U.S.C. § 2241, which raised the same argument as raised in the instant § 2241 Petition—that the BOP wrongly denied him credit for time spent in state custody. *See* 1:08-cv-00886 TH-KFG; *and* 1:10-cv-00485-MAC-ESH. The Eastern District of Texas rejected Cleveland's arguments and dismissed both of his petitions. *Id.* Cleveland appealed the later dismissal, and the Fifth Circuit affirmed, finding "the BOP properly determined that Cleveland was not entitled to credit under § 3585(b) against his federal sentence" since "the period for which Cleveland seeks credit against his federal sentence was credited against his state sentence." *Cleveland v. Fox*, No. 11-40276, 450 F. App'x 379, 380, 2011 WL 5598298 (5th Cir. Nov. 17, 2011) (unpublished).

A § 2241 petition is considered to be abusive if it raises "the same legal issue" addressed and

resolved in a prior filing. *United States v. Tubwell*, 37 F.3d 175, 177–78 (5th Cir.1994); *see also Williams v. Tamez*, 466 F. App'x. 326, 327 (5th Cir. 2012) (unpublished) (finding district court did not abuse its discretion in dismissing a § 2241 petition as an abuse of the writ where the petition raised the same legal issue as a prior petition). Because Cleveland has raised the same argument as he has raised in his two previous unsuccessful § 2241 petitions, the Court finds the instant petition to be an abuse of the writ. Accordingly, the Court warns Cleveland any future abusive filings will result in the imposition of sanctions, including monetary sanctions and restrictions on his ability to file any future pleadings in this Court.

## Conclusion

This Court agrees with the Magistrate Judge, and DENIES Cleveland's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [#1].

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#10] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner TJ Jones Cleveland's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [#1] is DENIED;

IT IS FINALLY ORDERED that Petitioner TJ Jones Cleveland is WARNED any future abusive filings will result in the imposition of sanctions, including monetary sanctions and restrictions on his ability to file any future pleadings in this Court.

SIGNED this the 3rd day of March 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE